IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA,   )<br>  )<br>            Plaintiff,   )<br>  )<br>     v.        )<br>  )<br>WALLER COUNTY, TEXAS; and     )<br>ELLEN C. SHELBURNE, Waller County  )<br>Registrar,       )<br>  )<br>            Defendants.   )<br>_____)  | No. CV |

## COMPLAINT

The United States of America, Plaintiff herein, alleges:

1.    This action is brought on behalf of the United States by the Attorney General to enforce Section 5 of the Voting Rights Act of 1965, as amended, 42 U.S.C. § 1973c ("Section 5"), and Title I of the Civil Rights Act of 1964, 42 U.S.C. § 1971(a)(2)(B).  The United States seeks declaratory and injunctive relief pursuant to 42 U.S.C. §§ 1973j(d) and 1971(c), and pursuant to 28 U.S.C. § 2201, to enforce rights guaranteed by the Fourteenth and Fifteenth Amendments.

2.    This Court has jurisdiction over this action pursuant to 42 U.S.C. §§ 1973c, 1973j(f), and 1971(c), and 28 U.S.C. § 1345.  In accordance with the provisions of 42 U.S.C. § 1973c and 28 U.S.C. § 2284, the Section 5 claim must be heard and determined by a court of three judges.  All events relevant to this action occurred in Waller County, Texas.

3.    Defendant Waller County, Texas is a political subdivision of the State of Texas and is organized pursuant to the laws of that state.

4. Defendant Ellen C. Shelburne is the County Tax Assessor and serves *ex officio* as the County Registrar. In her capacity as County Registrar, she is responsible for the administration of voter registration for Waller County. She is a resident of Waller County and is sued in her official capacity.

5. According to the 2000 Census, Waller County had a total population of 32,663, of whom 18,889 (57.8%) are white and 9,553 (29.2%) are black. The County's voting age population is 24,277, of whom 12,504 (51.5%) are white and 7,556 (31.1%) are black.

6. Prairie View A&M ("PVAMU"), a historically black university, is located in Waller County. PVAMU has an enrollment of approximately 8,000 students for the 2007-2008 academic year. Many PVAMU students apply to register to vote through voluntary deputy registrars ("VDRs") appointed by Waller County pursuant to Texas law. VDRs in Waller County, many of whom are PVAMU students, frequently seek to conduct large registration drives on campus.

## FIRST CAUSE OF ACTION

7. The United States hereby realleges and incorporates the allegations in paragraphs 1 through 6 above as if fully stated herein.

8. Section 5 requires that any "voting qualification or prerequisite to voting, or standard, practice, or procedure with respect to voting" different from that in force or effect in Waller County on November 1, 1972, may not be lawfully implemented unless Waller County, or other appropriate authority with power to enact or administer voting changes, obtains a declaratory judgment from the United States District Court for the District of Columbia that the voting change does not have the purpose and will not have the effect of denying or abridging the right to vote on account of race, color, or membership in a language minority group, except that such change may be implemented

without such judgment if it has been submitted to the Attorney General and the Attorney General has not interposed an objection within sixty days.  42 U.S.C. § 1973c.

9. As a political subdivision of the State of Texas, Waller County is subject to the preclearance requirements of Section 5.

10. The Defendants have authority to enact, administer, or effectuate voting qualifications or prerequisites to voting, or standards, practices, or procedures with respect to voting different from those in force or effect on November 1, 1972.

11. Beginning in 2007, the Defendants have implemented several new standards, practices, or procedures affecting the administration of voter registration without the requisite Section 5 preclearance.  Specifically, the Defendants have implemented the following changes affecting voting within the meaning of Section 5:

> (a) With regard to the County's VDR program, the new practices of  (i) refusing to accept any application submitted by a VDR that the registrar's staff deems incomplete, and requiring the VDR to personally notify each such applicant of the rejection; and (ii) imposing limitations on the number of voter registration receipts VDRs may obtain to facilitate voter registration;
>
> (b) With regard to standards for accepting voter registration applications, the rejection of applications because the applicant (i) failed to supply a ZIP code; and (ii) failed to use the most recent version of the registration forms; and
>
> (c) With regard to notification practices, the failure to notify applicants from noncontiguous counties that the registrar's office has forwarded their voter registration applications to another county.

12. The implementation of the new voter registration standards, practices, or procedures described in paragraph 11 effectuated changes affecting voting within the meaning of Section 5.

13. None of the voting changes described in paragraph 10 has received administrative preclearance pursuant to Section 5 from the Attorney General, nor has a judgment been obtained in the United States District Court for the District of Columbia that the changes have neither the purpose nor the effect of denying or abridging the right to vote on account of race, color, or membership in a language minority group as required by Section 5.

14. The Defendants' failure to obtain preclearance of the voting changes described in paragraph 10 as required by Section 5 renders the changes legally unenforceable. 42 U.S.C. § 1973c.

15. Unless enjoined by this Court, Defendants will continue to enforce the aforementioned voting changes without obtaining the requisite preclearance in violation of Section 5.

## SECOND CAUSE OF ACTION

16. The United States realleges and incorporates the allegations in paragraphs 1 through 6 six above as if fully stated herein.

17. Under 42 U.S.C. § 1971(a)(2)(B), no person shall be denied the right to vote "because of an error or omission on any record or paper relating to any application, registration, or other act requisite to voting, if such error or omission is not material in determining whether such individual is qualified under State law to vote in such election."

18. Beginning in 2007, Defendants have rejected voter registration applications because the applicant (i) failed to supply a ZIP code; or (ii) failed to use the most recent version of the registration forms.

19. The vast majority of voter registration applications rejected on the grounds identified in paragraph 18 were applications of PVAMU students.

20. The errors or omissions described in paragraph 18 are not material to determining whether the applicants are qualified under Texas law to vote. See Tex. Elec. Code Ann. § 13.002 (2008).

21. Defendants' rejection of voter registration applications on the grounds identified in paragraph 18 violates 42 U.S.C. §1971(a)(2)(B).

22. Unless enjoined by this Court, Defendants will continue to violate 42 U.S.C. § 1971(a)(2)(B) by rejecting voter registration applications based on the immaterial grounds identified in paragraph 18.

**WHEREFORE**, the United States prays that a district court of three judges hear the First Cause of Action pursuant to 28 U.S.C. § 2284 and 42 U.S.C. § 1973c, and thereafter issue a judgment,

(1) Declaring that the changes to Waller County's VDR program, identified in paragraph 11(a) above, constitute changes affecting voting within the meaning of Section 5 and are legally unenforceable because Defendants have not obtained the requisite preclearance under Section 5;

(2) Declaring that the changes in the standards for accepting voter registration applications, described in paragraph 11(b) above, constitute changes affecting voting within the meaning of Section 5 and are legally unenforceable because Defendants have not obtained the requisite preclearance under Section 5;

(3) Declaring that the change to the notification procedures, described in paragraph 11(c) above, constitutes a change affecting voting within the meaning of Section 5 and is legally unenforceable because Defendants have not obtained the requisite preclearance under Section 5;

(4) Enjoining Defendants, their agents and successors in office, and all persons acting in concert with any of them, from further conducting, administering, implementing, or enforcing any of the standards, practices, or procedures described in the foregoing paragraphs (1) - (3) unless and until they obtain the requisite preclearance under Section 5; and

(5) Ordering Defendants to take such actions as are necessary to remedy the violations of Section 5 resulting from the unlawful implementation of the voting changes identified herein.

Thereafter, the United States prays that the case be remanded to a single judge to issue a judgment,

(6) Declaring that Defendants' rejection of voter registration applications on grounds that the applicant failed to supply a ZIP code or failed to use the most recent version of the registration form violates 42 U.S.C. § 1971(a)(2)(B);

(7) Enjoining Defendants, their agents and successors in office, and all persons acting in concert with any of them, from further rejecting voter applications based on the immaterial errors or omissions identified in the preceding paragraph in violation of 42 U.S.C. § 1971(a)(2)(B); and

(8) Ordering Defendants to take such actions as are necessary to remedy the violations of 42 U.S.C. § 1971(a)(2)(B) identified herein.

The United States further prays that this Court grant such additional relief as the interests of justice may require, together with the costs and disbursements of this action.

MICHAEL MUKASEY
Attorney General

By:

GRACE CHUNG BECKER
Acting Assistant Attorney General

DONALD J. DEGABRIELLE JR.
United States Attorney

CHRISTOPHER COATES
Chief, Voting Section

    s/ *T. Russell Nobile*
REBECCA J. WERTZ
Principal Deputy Chief
T. RUSSELL NOBILE
STEVEN WRIGHT
Trial Attorneys
Civil Rights Division, Voting Section
U.S. Department of Justice
950 Pennsylvania Ave., NW, NWB-7247
Washington, DC 20530
T.Russell.Nobile@usdoj.gov
Steven.Wright@usdoj.gov
Phone: (202) 307-1190
Fax:    (202) 307-3961